IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

MOLLY and MARIO ANDRADA for THE
ESTATE OF VERONICA GUTIERREZ, and
DIANE and PATRICK CHAVEZ for THE
ESTATE OF DENISE CHAVEZ and for THE
ESTATE OF JAY LYNN RODARTE,

      Plaintiffs,

v.                                                    Civil No. 05-843 WJ/ WPL

LUIS B. JUAREZ for THE ESTATE OF CHRIS
RODARTE, RONALD MCDOUGALL,
MATTHEW MCDOUGALL, and PLAINS
TRANSPORTATION, INC.,

      Defendants.

**AMENDED MEMORANDUM OPINION AND ORDER**
**GRANTING PLAINTIFFS' MOTION TO REMAND**
**AND REMANDING CASE TO STATE COURT**

THIS MATTER comes before the Court pursuant to Plaintiffs' Motion to Remand (Doc. 2). The Court filed a Memorandum Opinion and Order on September 30, 2005 (Doc. 11) with a typographical error on page 4 of that opinion. The Court hereby withdraws that Memorandum Opinion and Order and substitutes it with this Amended Memorandum Opinion and Order to correct the typographical error. Having reviewed the submissions of the parties and the applicable law, I find the motion is well taken and will be granted.

**BACKGROUND**

Plaintiffs filed their original Complaint for Wrongful Death and Personal Injuries against

Defendants Chris Rodarte,[1] Ronald McDougall, John Doe Truck Driver and Plains Transportation, Inc. (Plains) on December 3, 2004 in the Fourth Judicial District Court, County of San Miguel, State of New Mexico. See Notice of Removal, Exhibit A. Defendant Plains filed a motion for more definite statement in the state court. See Notice of Removal Exhibit G. According to Defendants, the motion was granted,[2] and as a result, Plaintiffs filed their Amended Complaint on July 21, 2005. See Notice of Removal, Exhibit EE. The Amended Complaint added Defendant Matthew McDougall while deleting the John Doe Defendant. Otherwise, the Defendants remained the same.

Defendant Plains removed this action to federal court on August 4, 2005. The Notice of Removal alleges that complete diversity exists between Plaintiffs and Defendants Plains, and both Defendants McDougall. The Notice of Removal acknowledges that Defendant Rodarte is a citizen of the State of New Mexico, but alleges that he is improperly aligned as a Defendant or, alternatively, is fraudulently joined as a Defendant.

Plaintiffs were injured and killed in an accident on November 8, 2004. Plaintiffs were passengers in a vehicle driven by Defendant Rodarte. Rodarte's vehicle was in a near collision with a Truck owned by Plains and operated by the McDougalls. The Amended Complaint alleges that "Plaintiffs' decedents were involved in an accident on November 8, 2004, in which

---

[1] By stipulation of the parties, the caption of the case was amended while the case was in state court to change the designation of Defendant CHRIS RODARTE to PERSONAL REPRESENTATIVE OF THE ESTATE OF CHRIS RODARTE. This change was reflected in Plaintiffs' Amended Complaint which named as a Defendant LUIS B. JUAREZ for THE ESTATE OF CHRIS RODARTE.

[2] The Court is unable to locate any orders of the state court in the state court record attached to Defendants' Notice of Removal.

**defendants** were negligent and which negligence of **defendants** was a proximate cause of Plaintiffs' decedents injuries and deaths." Amended Complaint ¶ 8 (emphasis added). The Amended Complaint also alleges that, "As a direct and proximate cause of the improper driving of **Defendants**, Plaintiffs suffered damages in an amount to be proved at trial." Amended Complaint ¶ 11 (emphasis added). In the specific counts of the Complaint, Plaintiffs do not specifically mention Defendant Rodarte in terms of alleging specific negligent acts. However, in Count II which states a claim for negligence, Plaintiffs allege that they believe the conduct of Rodarte was reasonable, but that any negligence on his part must be compared to that of the other Defendants for purposes of apportioning damages. Amended Complaint ¶ 25. Luis B. Juarez as Personal Representative of the Estate of Defendant Rodarte filed a cross-complaint against Plains alleging claims against Plains and the McDougalls identical to those alleged by the Plaintiffs. See Notice of Removal Exhibit DD.

Plaintiffs filed the instant Motion to Remand arguing that there is a lack of subject matter jurisdiction in the federal court because the parties are not completely diverse. Defendant Plains counters that Defendant Rodarte should be realigned with Plaintiffs or, alternatively, that he is fraudulently joined to defeat removal.

**LEGAL STANDARD**

The statute providing for removal of cases from state to federal court was intended to restrict rather than enlarge removal rights. Greenshields v. Warren Petroleum Corp., 248 F.2d 61 (10th Cir. 1957). Thus, removal statutes are to be strictly construed and all doubts are to be resolved against removal. Fajen v. Foundation Reserve Ins. Co. Inc., 683 F.2d 331, 333 (10th Cir. 1982) (2-1 decision). The removing party is invoking the jurisdiction of the federal court and

thus bears the burden of establishing that the requirements for the exercise of jurisdiction are present.  Martin v. Franklin Capital Corp., 251 F.3d 1284, 1290 (10th Cir. 2001).

**DISCUSSION**

I.  ALIGNMENT OF THE PARTIES ACCORDING TO THEIR REAL INTERESTS

"In diversity suits, courts will scrutinize the interests of the parties in order to determine if their positions as plaintiffs and defendants conform to their real interests."  Farmers Alliance Mut. Ins. Co. v. Jones, 570 F.2d 1384, 1387 (10th Cir. 1978); see, also Northbrook Nat. Ins. Co. v. Brewer, 493 U.S. 6, 8 n.5 (1989); City of Indianapolis v. Chase Nat'l Bank, 314 U.S. 63, 69 (1941).  The Court must determine the parties' real rather than apparent interests, id., and the parties' characterization in the pleadings is not determinative of their real interests, Kenko Int'l, Inc. v. Asolo S.R.I., 838 F.Supp. 503, 505 (D. Colo. 1993).  Determining the real interests of the parties is a fact inquiry directed at the record.  City of Indianapolis, 314 U.S. at 69.  In a case that has been removed to federal court, a court most look at the facts in the record at the time of removal.  Kenko Int'l, Inc., 838 F.Supp. at 505.

Defendant Rodarte has many interests in common with those of Plaintiffs because he was killed in the same accident as the Plaintiffs and asserts claims against Plains and the McDougalls.  However, his interests are adverse to those of the Plaintiffs in that he was driving the car in which the Plaintiffs were killed, and any negligence on his part must be compared to any negligence on the part of the other Defendants.  It is not unusual for persons injured in a vehicular accident to name as defendants the drivers of all vehicles involved in the accident, including the driver of the vehicle in which they were passengers.  It is also not unusual for the several defendants in such cases to file cross-claims against one another, and the fact that Rodarte has filed a cross-complaint

against the other Defendants does not call for his realignment as a party plaintiff.

## II. FRAUDULENT JOINDER

In a case in which there is a resident defendant, a party seeking to justify removal based on diversity jurisdiction must plead a claim of fraudulent joinder of the resident defendants with particularity and prove the claim with certainty. Couch v. Astec Indus., Inc., 71 F.Supp.2d 1145, 1146-47 (D.N.M. 1999). The burden of showing fraudulent joinder is a heavy one. Hart v. Bayer Corp., 199 F.3d 239, 246 (5th Cir. 2000); Bd. of County Com'rs of County of Mesa v. Atlantic Fidelity, Inc., 930 F.Supp. 499, 500 (D. Colo. 1996). To prove an allegation of fraudulent joinder, the removing party must demonstrate that there is no possibility that the plaintiff would be able to establish a cause of action against the joined party in state court. Hart, 199 F.3d at 246. This standard is more exacting than the standard for dismissing a claim under Fed. R. Civ. P. 12(b)(6). Batoff v. State Farm Ins. Co., 977 F.2d 848, 851-53 (3d Cir. 1992). A claim that may be dismissed only after an intricate analysis of state law is not so wholly insubstantial and frivolous that it may be disregarded for purposes of diversity jurisdiction. Id. A viable claim is stated against a resident defendant so long as there is some factual fit between the plaintiffs' allegations and the pleaded theory of recovery. Griggs v. State Farm Lloyds, 181 F.3d 694, 701 (5th Cir. 1999). Remand is required if any one of the claims against the non-diverse defendant is possibly viable. See Green v. Amerada Hess Corp., 707 F.2d 201, 207 (5th Cir. 1983).

There are three instances in which a Court may properly find fraudulent joinder: "(1) where a plaintiff cannot plead a cause of action against the non-diverse defendant; (2) where a plaintiff's pleading of jurisdictional facts is outright fraudulent; or (3) where a plaintiff joins a diverse defendant with a non-diverse defendant as to whom no joint, several, or alternative

liability exists, and where plaintiff's claim against the non-diverse defendant has no real connection to the claim against the diverse defendant." Couch v. Astec Indus., Inc., 71 F.Supp.2d 1145, 1147 (D.N.M. 1999) (internal citations omitted).

Defendant Plains urges that Plaintiffs' Complaint does not actually state a claim against Defendant Rodarte because the Complaint does not allege specific facts going to the negligence of Rodarte and because the Complaint alleges that the Plaintiffs believe Rodarte acted reasonably. Plains' argument is based on the Plaintiffs' failure to artfully and aggressively plead their negligence claim against Defendant Rodarte.  However, the test for fraudulent joinder is not whether a Plaintiff is aggressively pursuing its claims against a party.  See Couch, 71 F.Supp.2d at 1147.  Rather, the issue is whether the Plaintiffs have any viable claim against Rodarte.  Id.

In this case, Plaintiffs clearly have a viable claim against Rodarte, and there is the possibility of comparative fault among the Defendants, including Rodarte.  Accordingly, Defendant Plains has failed to prove fraudulent joinder, the parties in this action are not completely diverse, and this case must be remanded back to state court.

**CONCLUSION**

IT IS THEREFORE ORDERED that the Court hereby WITHDRAWS its Memorandum Opinion and Order filed September 29, 2005 (Doc. 11).

IT IS FURTHER ORDERED that Plaintiffs' Motion to Remand (Doc. 2) is hereby GRANTED.


IT IS FURTHER ORDERED that this case is hereby REMANDED to the Fourth Judicial District, County of San Miguel, State of New Mexico, Civil Cause No. CV 2004-492.

_____
UNITED STATES DISTRICT JUDGE